Revised 5/1/2019

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In Re:

Shania Gay A. Ffrench Crewe

Debtor(s).

SSN xxx-xx-1783         SSN

-----------------------------------------------------------------X

Case No. 19-23569        SHL

**CHAPTER 13 PLAN**

## PART 1. DEFINITIONS AND NOTICES

**1.1 Plan Definitions:** If this is a joint case, use of the term "Debtor" shall also mean Debtors. The term "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure. The term "Form Plan" refers to this court's Local Chapter 13 Model Plan. The term "Local Rule" shall refer to the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Southern District of New York. The term "Petition" refers to Debtor's bankruptcy petition filed with the Court on     September 3, 2019    . The term "Plan" refers to this chapter 13 plan. The term "Real Property Used as a Principal Residence" includes cooperative apartments. The term "Trustee" shall always refer to the Chapter 13 Standing Trustee for this Court, or his substitute therefor.

**1.2 Debtor must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked "does," the Debtor must serve this Plan on any affected party in interest pursuant to Bankruptcy Rule 7004. Failure to serve the Plan pursuant to Bankruptcy Rule 7004 whenever required may render the provision ineffective. If an item is checked as "does not" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.**

In accordance with Bankruptcy Rule 3015.1, this Plan:

- ☒ does/☐ does not contain any nonstandard provision (See Part 8 herein for any non-standard provision);
- ☐ does/☒ does not limit the amount of a secured claim based on valuation of the collateral for the claim (See Part 3 herein);
- ☐ does/☒ does not avoid a security interest or lien (See Part 3 herein);
- ☐ does/☒ does not request loss mitigation (See Part 8 herein).

**1.3 Notice to Debtor:** This Form Plan sets out options that may be appropriate in some cases, but the presence of an option on the Form Plan does not indicate that the option is appropriate in your circumstances. To be confirmable, this Plan must comply with the Bankruptcy Code, the Bankruptcy Rules, judicial rulings, and the Local Rules.

☒ By checking this box, Debtor acknowledges that he/she is not eligible for a discharge pursuant to 11 U.S.C. § 1328(f). [Prior Case number: 17-23090 petition date: 07/14/2017,  discharge date in prior case 01/07/2019, ].

☒ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:

> Add vehicle arrears. Remove tax debt (no claim received yet).
> 100% Plan

**1.4 Notice to Creditors:** If you oppose the Plan's treatment of your claim **or any provision of this Plan**, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. This includes objections to valuations of collateral, motions to avoid junior mortgage and judicial liens, and surrender provisions.

Page  1

Revised 5/1/2019

Pursuant to Bankruptcy Rule 3015(g), "any determination in the Plan made under [Bankruptcy] Rule 3012 about the amount of a secured claim is binding on the holder of the claim, even if the holder files a contrary proof of claim or the Debtor schedules that claim [differently], and regardless of whether an objection to the claim has been filed."

This Plan shall be binding upon its confirmation. You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one who practices bankruptcy law.

The Bankruptcy Court may confirm this Plan without further notice if no objection is filed. *See* Bankruptcy Rule 3015.

## PART 2: PLAN PAYMENTS AND DURATION

**2.1** The Debtor's future earnings are submitted as provided in the Plan to the supervision and control of the Trustee. Debtor will make the first Plan payment no later than thirty (30) days after the date the Petition was filed. The Debtor shall make __60__ monthly payments to the Trustee as follows:

| Amount   | How many Months? |
|----------|------------------|
| $676.00  | 60               |

☐ Debtor's annual commitment period is 36 months and Debtor moves to extend to 60 months for the following reasons: (*check all that apply*)
  ☐ Debtor is not able to propose a feasible plan in a period of less than 60 months. Debtor's proposed monthly payment will constitute an affordable budget that the Debtor will be able to maintain.
  ☐ Payments greater than that proposed by this Plan for 60 months would create an economic hardship for the Debtor.
  ☐ Creditors will not be prejudiced by this application for extension of Debtor's Plan payments from 36 to 60 months.

**2.2 Regular payments**
Regular Plan payments to the Trustee will be made from future income in the following manner:
*Check all that apply*
☒ Debtor will make payments directly to the Trustee.
☐ Debtor will make payments through any entity from whom the Debtor receives income, pursuant to a payroll deduction order 11 U.S.C. § 1325(c). Upon checking the box for a payroll deduction order, *Debtor shall submit to the Court a separate order* directing Debtor's employer to deduct the Plan payments from Debtor's wages. Debtor also agrees to notify the Trustee immediately upon change or termination of employment.

☐ Non-Debtor contributor will make the following monthly payments to the debtor, who will send payment to the Trustee.

| Amount | How many Months? |
|--------|------------------|
|        |                  |

**2.3 Income Tax Refunds**
All future tax refunds in excess of $1500 per individual Debtor (less any cash exemptions in the Plan's first year, if applicable) **shall be paid to the Trustee** for the duration of the Plan. The Debtor shall provide the Trustee with all income tax returns through the full performance of the Plan.

**2.4 Irregular Payments** *Check one*.
☒ None. If "None" is checked, the rest of subsection 2.4 need not be completed or reproduced.
☐ Debtor will make irregular payment(s) to the Trustee from other sources, as specified below

**2.5 Payment Terms**
The Debtor will pay the amounts payable to the Trustee by electronic transfer of funds or bank check, certified check, teller's check, or money order sent directly to the Chapter 13 Trustee. See http://www.access13.com/site/

## PART 3: TREATMENT OF SECURED CLAIMS

Page 2

Revised 5/1/2019

**3.1 Definitions:** For the purposes of this subsection, any reference to the term "Secured Creditor" means lienholder mortgagees, a creditor whose interest is secured by a mortgage on Debtor's real property, including Real Property Used as a Principal Residence; a holder and/or authorized servicer of a claim secured by a lien, mortgage and/or deed of trust; and/or any other similarly situated creditor, servicing agent and/or their assigns. The term "Lien" shall include references to mortgages, liens, deeds of trust and any other similarly situated interests in the Debtor's real or personal property. The term "Prepetition Arrearages" shall refer to an outstanding monetary default with respect to, or that gave rise to, a Lien prior to the Petition date. The term "Post-Petition Payment" means payment that first becomes due and payable by the Debtor to the Secured Creditor after the filing of the Petition.

**3.2 Maintenance of payments and cure of default, if any.**
*Check one.*

☐ None
☒ The Debtor will maintain the current contractual installment payments on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with applicable rules. These payments will be disbursed directly by the Debtor. The Debtor shall keep a complete record of all Debtor's payments under the Plan. However, any existing Prepetition arrearage on a timely filed secured claim will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated below. Confirmation of this Plan shall impose an affirmative duty on the Secured Creditor and Debtor to do all the following as ordered:

**(a) Post-Petition Payments.**
Debtor shall pay the following Post-Petition payments directly to the Secured Creditor listed below during the pendency of the Plan:

| Secured Creditor & Property Description | Payment Amount | Payment Timing | Address Where Post Petition Payments Will be Sent |
|---|---|---|---|
| Capital One Auto Finance<br>2014 Mercedes C300 4600 miles<br>Location: 175 Pelham Road, New Rochelle NY 10805 | $460.54 | Monthly | Attn: Bankruptcy; Po Box 30285; Salt Lake City, UT 84130 |
| SN Servicing Corporation<br>175 Pelham Road New Rochelle, NY 10805   Westchester County | $3,378.53 | Monthly | 323 5th Street; Eureka, CA 95501 |

**(b) PrePetition Arrearages.**
    (i) For purposes of this Plan, Prepetition Arrearages shall include all sums included in the allowed secured claim and shall have a "0" balance upon entry of the discharge order in this case. In the event that a Secured Creditor listed in this section fails to timely file a proof of claim in this case, the Debtor may file a claim on the Secured Creditor's behalf, pursuant to 11 U.S.C. § 501(c), before the applicable bar date.
    (ii) No interest will be paid on PrePetition Arrearages unless otherwise stated herein.
    (iii) Payments made by the Trustee on Debtor's PrePetition Arrearages shall be applied only to those PrePetition Arrearages and not to any other amount owed by Debtor to the Secured Creditor.
    (iv) Information Regarding Prepetition Arrearages:

| | | | |
|---|---|---|---|
| Secured Creditor: | Capital One Auto Finance | | |
| Property Description: | 2014 Mercedes C300 4600 miles<br>Location: 175 Pelham Road, New Rochelle NY 10805 | | |
| Property Address: | , , , | | |
| Value of Collateral $ | 10,200.00 | Valuation Method: | KBB |
| Prepetition Arrearage Amount $ | 1,411.62 | Arrearage Owed As of Date: | 09/03/2019 |
| Secured Creditor: | SN Servicing Corporation | | |
| Property Description: | 175 Pelham Road New Rochelle, NY 10805   Westchester County | | |
| Property Address: | 175 Pelham Road    , New Rochelle, NY, 10805-0000 | | |
| Value of Collateral $ | 496,000.00 | Valuation Method: | CMA |

Page 3

Revised 5/1/2019

Prepetition Arrearage Amount  $ 34,096.51    Arrearage Owed As of Date: 09/3/2019

    (v) If the Trustee pays the amount(s) specified in Part 3.2(b) (iv) (above), and the Debtor makes all required Post-Petition Payments as specified in Part 3.2(a), any default with respect to a Lien, including a Lien on Real Property Used as a Principal Residence will be cured, extinguishing any right of the Secured Creditor to recover any amount alleged to have arisen prior to the filing of Debtor's Petition.

**(c) Adequate Protection.**
If applicable, adequate protection of a Secured Creditor's interest in property shall be provided as follows:
*[describe and provide the basis for calculation, or state not applicable]*
Not Applicable

Any such payments shall be applied by the Secured Creditor to its allowed secured claim.

**(d) Return and/or Reallocation of Distribution Payment Made to Secured Creditor.**
If a Secured Creditor withdraws its claim, the sum allocated herein towards the payment of the Secured Creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors, as provided herein. If the Secured Creditor has received monies from the Trustee (Distribution Payment) and returns those monies to the Trustee, the monies returned shall be distributed to the Debtor's remaining creditors, as provided herein. If this Plan repays creditors in full, then such returned monies will be paid to the Debtor.

**3.3 Surrender**
*Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.*

☒ None.

☐ Debtor surrenders the following property and upon confirmation of this Plan or as otherwise ordered by the Court, bankruptcy stays are lifted for all purposes as to the collateral to be surrendered. Every Secured Creditor with a Lien on surrendered property shall file a deficiency claim within 60 days of notice of such surrender if it disagrees with the Plan's statement of the deficiency claim below. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 6 below.

**3.4 Wholly unsecured Liens**
*Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.*

☒ None.

☐ Debtor requests that the Court value the collateral in the amount listed below, avoid the following Liens as wholly unsecured, and reclassify any timely claim filed as unsecured. As stated in Bankruptcy Rule 3012(c): "Request to determine amount of government's secured claim must be by motion or in a claim objection after the government files a proof of claim or after the time for filing a claim expires." *Attach appraisal of property to this Plan. the Debtor shall submit an order avoiding the Lien upon confirmation of the Plan or the Court's separate determination of the request whichever is earlier.*

**3.5 Request for valuation of security/Bifurcation of Liens** *[Not applicable to Real Property Used as a Principal Residence or property listed under Section 3.6 of this Plan]. Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.* As stated in Bankruptcy Rule 3012(c): "Request to determine amount of government's secured claim must be by motion or in a claim objection after the government files a proof of claim or after the time for filing a claim expires."

☒ None.

Page 4

Revised 5/1/2019

☐ The Debtor requests that the court determine the value of the secured claims listed below. The portion of any allowed claim that exceeds the amount of the collateral securing the claim will be treated as an unsecured claim under Part 6 of this Plan. The holder of any claim listed below as having value in the column headed "*Amount of secured claim*" (a) will retain its Lien on the property of the estate until such time as the earlier of (i) payment in full, or (ii) the Plan is performed; and (b) will retain its Lien on non-estate property. *Attach appraisal of property as an exhibit to this Plan. The Debtor shall submit an order voiding the Lien upon confirmation of the Plan or the Court's separate determination of the request, whichever is earlier.*

**3.6 Secured Claims excluded from 11 U.S.C. § 506**
*Check one.*
☒ None.
☐ The claims listed below were either: (1) incurred within 910 days before the Petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor; or (2) incurred within 1 year of the Petition date and secured by a purchase money security interest in any other thing of value.

**3.7 Judicial Lien Avoidance**
*Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.*

☒ None.

☐ Entire Lien is avoided. Any timely filed claim by Claimant shall be unsecured claim in the amount of $

☐ A portion of the Lien is avoided. Any timely filed claim of Claimant shall be a secured claim in the amount of $ at interest rate of % and an unsecured claim in the amount of $.

**3.8 Miscellaneous Provisions**
(i) Secured Creditors with a security interest in the Real Property Used as a Principal Residence shall comply with all provisions of Bankruptcy Rule 3002.1.
(ii) If relief from the automatic stay is ordered as to any item of collateral listed in this Part, then, unless otherwise ordered by the Court, all timely filed secured claims based on a Lien on that collateral will no longer be treated by the Plan and all payments under this Part of the Plan on such secured claims shall cease.

## PART 4 TREATMENT OF FEES AND PRIORITY CLAIMS
**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in subsection 4.5, will be paid in full without post-Petition interest.

**4.2 Trustee's fees**
Trustee's fees will be no more than 10% of Plan payments.

**4.3 Attorney's fees**
Counsel for the Debtor has received a Prepetition flat fee to be applied against fees and costs incurred. Fees and costs exceeding the flat fee shall be paid from funds held by the Trustee as an administrative expense after application to and approval by the Court, pursuant to 11 U.S.C. § 330(a)(4) and Bankruptcy Rule 2016.

Total Amount of flat fee charged: $ 2,585.00   (subject to review under 11 U.S.C. § 329).
Amount of flat fee paid Prepetition: $ 2,585.00
Remainder of flat fee to be paid through Plan, if any: $ 0.00

**4.4 Unsecured Domestic Support Obligations.**

Does Debtor have a Domestic Support Obligation?     Yes ☐     No ☒.   If yes, then complete the following:

Page 5

19-23569-shl    Doc 12    Filed 11/18/19    Entered 11/18/19 15:34:28    Main Document
Pg 6 of 8

Revised 5/1/2019

Debtor shall remain current on all such obligations that come due after filing the Petition. Unpaid obligations incurred before the Petition date are to be cured by the following Plan payments.

| Creditor Status (e.g. child, spouse, former spouse, domestic partner) | Prepetition Arrearages |
|---|---|
| | |

**4.5 Other Unsecured Priority Claims, including Unsecured Tax Claims.**

| Creditor Name | Type of Priority Debt | Prepetition Arrearages | Interest Rate |
|---|---|---|---|
| -NONE- | | $ | |

**PART 5 EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
Pursuant to 11 U.S.C. § 1322(b), Debtor assumes or rejects the following unexpired lease(s) or executory contract(s). For any assumed executory contract or unexpired lease with an arrearage to cure, the arrearage will be cured in the Plan with regular monthly payments to be paid directly to the contract party by the Debtor. The cure amount will be as set forth below, unless an objection to such amount is filed, by the date to object to confirmation to the Plan, in which event, the cure amount shall be fixed by the Court. *If the Plan provides for the assumption or rejection of a contract or unexpired lease, it must be served on the other party to the agreement under Bankruptcy Rule 7004.*

**5.1 Assumed**

| Creditor Name | Address & Property Description | Cure Amount | Cure Calculated Through Date |
|---|---|---|---|
| -NONE- | | $ | |

**5.2 Rejected**

| Creditor Name | Address & Property Description | Cure Amount | Cure Calculated Through Date |
|---|---|---|---|
| -NONE- | | $ | |

**5.3 Post-Petition Payments for Assumed Executory Contracts and Unexpired Leases.**
Debtor shall make the following Post-Petition Payments directly to the Creditor:

| Creditor Name | Address & Property Description | Payment Amount | Payment Timing |
|---|---|---|---|
| -NONE- | | $ | |

**PART 6 NONPRIORITY, UNSECURED CLAIMS**

**6.1 Allowed nonpriority, unsecured claims shall be paid *pro rata* from the balance of payments made under this Plan.**
**6.2 Separately classified nonpriority unsecured claims**
*Check one.*

☒ None.
☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

**PART 7 MISCELLANEOUS**
Debtor must comply with all the applicable requirements of the Bankruptcy Code and Bankruptcy Rules, including but not limited to, those found in 11 U.S.C. § 521 and Bankruptcy Rules 2015 and 4002, where applicable. This includes a duty to file tax returns and, in certain circumstances, operating reports. Additional information that is useful for filling out this Plan, serving the Plan, and completing the chapter 13 process is available here:   http:/www.nysb.uscourts.gov/chapter-13-filing-and-plan-information

**PART 8 LOSS MITIGATION AND NONSTANDARD PROVISIONS**
**8.1 Any nonstandard provision must be entered here. If this Part conflicts with any earlier Part except Part 1.2, this Part

Page 6

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                                                                                      Best Case Bankruptcy

Revised 5/1/2019

**controls.**

**8.2 Loss Mitigation:**

☐ By checking this box and completing this section, the Debtor requests loss mitigation pursuant to Local Rule 90-19-2, which governs a court-ordered loss mitigation program, pursuant to which parties may deal with issues such as a loan modification, loan refinance, short sale, or surrender in full satisfaction, concerning the Debtor's Real Property Used as a Principal Residence.
*[Identify the property, loan and creditor for which you are requesting loss mitigation]*

The Debtor estimates the value of the Real Property used as Principal Residence to be $ __0__ .

The Debtor hereby permits the Secured Creditor(s) listed above to contact (*check all that apply*):
☐ The Debtor directly.
☐ Debtor's bankruptcy counsel.
☐ Other: _____

Debtor is not required to dismiss this bankruptcy Petition during the loss mitigation discussions. *The Debtor shall submit an order granting loss mitigation if no objections are received within the requisite notice period. See http://www,nysb.uscourts.gov/loss-mitigation and http://www.nysb.uscourts.gov/sites/default/files/ch13DebtorInstructions.pdf*

**8.3 Sale and Credit Bidding of Real Property.**

☐ By checking this box, Debtor intends to sell Real Property having an address of _____ pursuant to 11 U.S.C. § 363(b). The Real Property is subject to a secured claim held by _____ to this Plan is the contract of sale, in which _____ has agreed to pay $ __0__ for the collateral. *Attach as an exhibit to the Plan the sale contract and any evidence supporting request for relief under 11 U.S.C. § 363(f) and/or (m).* Pursuant to 11 U.S.C. § 363(k), the Secured Creditor, _____ may assert its right to credit bid as part of a timely objection to confirmation and submit a higher and better offer by a time set by the Court. Debtor shall attach an affidavit containing all facts necessary for Court to approve the sale and should be prepared to address the requirements of 11 U.S.C. § 363 at the confirmation hearing. *The Debtor shall submit an order approving sale upon confirmation of the Plan or the Court's separate determination of the request, whichever is earlier.*

**8.4 Surrender in Full Satisfaction**

☐ By checking this box, Debtor surrenders the following property in full satisfaction of the Secured Creditor's debt. *Attach appraisal or other evidence of the property's value as an exhibit to this Plan.*

Property to be surrendered

To whom the property will be surrendered

**8.5 Surrender and Vesting**

☐ By checking this box, title to any collateral surrendered in this Plan automatically vests in the _____ upon confirmation and the lifting of the automatic stay. Creditor has 60 days from the date of such order to file a deficiency claim. *The Debtor shall submit an order surrendering the collateral and vesting title in the creditor upon confirmation of the Plan or the Court's separate determination of the request, whichever is earlier.*

**8.6 Additional NonStandard Provisions**

100% Plan

**PART 9 DEBTOR'S SIGNATURE**

Dated:  November 18, 2019                         , New York

Page 7

Revised 5/1/2019

| | |
|---|---|
| /s/ Shania Gay A. Ffrench Crewe | |
| Shania Gay A. Ffrench Crewe | |
| Debtor | Joint Debtor |
| | |
| 175 Pelham Road | |
| New Rochelle, NY 10805 | |
| Debtor Address | Joint Debtor Address |

## PART 10 DEBTOR'S ATTORNEY'S SIGNATURE

| | |
|---|---|
| /s/ Roselina Serrano | November 18, 2019 |
| Roselina Serrano | Date |
| Attorney for Debtor | |

Law Offices of Serrano & Associates, PC     845-638-2200
22 South Main Street                         serranolawpc@gmail.com
New City, NY 10956

## PART 11 CERTIFICATION

I, the undersigned attorney for the Debtor or Pro se Debtor, hereby certify that the foregoing Plan conforms to the pre-approved Form Plan pursuant to Local Rule 3015-1 of the United States Bankruptcy Court for the Southern District of New York and contains no nonstandard provisions other than those set out in Part 8.

| | |
|---|---|
| /s/ Roselina Serrano | November 18, 2019 |
| Roselina Serrano | Date |
| Attorney for Debtor or *Pro Se* Debtor | |

Page 8